# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRIEST JOHNSON,**

    **Petitioner,**

    **v.**                                                                             **Case No. 14-CV-879**

**DENISE SYMDON,**

    **Respondent.**

## RULE 4 ORDER

The petitioner, Priest Johnson ("Johnson"), who is currently incarcerated at the Racine Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Petition, Docket # 1.) Johnson has paid the statutory $5 filing fee and the Court shall now screen the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, the Court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been

exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). The petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

If state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state court review or for taking an appeal, those remedies are technically exhausted; however, exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Id.*

Although Johnson is currently incarcerated, he is not challenging his underlying conviction or his revocation proceeding. Rather, he challenges the various restrictions placed on him while on community supervision. At first blush, it would appear that habeas corpus might not be the proper route to seek relief. Nevertheless, the Court of Appeals for the Seventh Circuit has stated that, in the context of probation and parole, "the distinction between the fact of confinement and the conditions thereof is necessarily blurred." *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977). Because a parolee's confinement is defined not by his placement in a prison but by various lesser restrictions on his liberty, a challenge to even one condition of parole is, according to the court of appeals, a challenge to the parolee's custody. *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). Johnson

alleges his conditions of community supervision denied him access to the court and violated his rights under the First Amendment. Thus, construing the claims in the petition liberally, Johnson sets forth arguably cognizable constitutional or federal law claims.

Even though Johnson's claims translate, at least colorably, into constitutional violations, Johnson must still exhaust his state remedies before he can petition for a writ of habeas corpus in federal court. *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). The exhaustion requirement may be met by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issues, or (b) having no further available means for pursuing a review of one's conviction in a state court. *Id.* It is unclear from the petition whether Johnson has exhausted his remedies in state court. Although he alleges that he has exhausted his administrative remedies (Docket # 1 at 9), it is unclear from his petition whether he exhausted his claims at each level of state court review.

Thus, because it is not clear from the face of the petition that Johnson is not entitled to relief, the respondent will be called upon to serve and file an answer, motion, or other response to the petition.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Johnson's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY** (60) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

4. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

5. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 4th day of August, 2014.

                                    BY THE COURT

                                    s/ *Nancy Joseph*
                                    NANCY JOSEPH
                                    United States Magistrate Judge