# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRIEST JOHNSON,**

    Petitioner,

  v.                                    Case No. 14-CV-879

**DENISE SYMDON,**

    Respondent.

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING CASE

The petitioner, Priest Johnson ("Johnson"), who is currently incarcerated at the Racine Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Petition, Docket # 1.) Although Johnson is currently incarcerated, he is not challenging his underlying conviction or his revocation proceeding. Rather, he challenges the various restrictions placed on him while on community supervision. Johnson concedes that his claims are procedurally defaulted. (Petitioner's Br. at 3, Docket # 11.) Thus, the question presently before me is whether Johnson has shown that he satisfies one of the exceptions to procedural default. After careful consideration of the applicable facts and law, I have determined that he has not. Accordingly, his claims are procedurally defaulted and must be dismissed.

## BACKGROUND

Johnson was convicted after a bench trial in Milwaukee County Case No. 98CF980328 of three counts of second-degree sexual assault of a child. (Answer to Habeas Petition ("Answer"), Judgment of Conviction, Exh. A, Docket # 10-1.) After his conviction, Johnson initiated a state court direct appeal but voluntarily dismissed the appeal in order to pursue a challenge to his

sentence. (Resp.'s Br. at 3, Docket # 14.) This challenge ultimately reduced his consecutive terms of imprisonment from thirty to twenty years. (Answer, *State v. Johnson*, No. 00-0258-CR (Wis. Ct. App. Aug. 16, 2001), Exh. B, Docket # 10-2.) Johnson then restarted his direct appeal from his conviction, and the Wisconsin Court of Appeals affirmed his conviction in August 2001. (*Id.*) In September 2004, Johnson brought an unsuccessful postconviction motion challenging his conviction on several grounds. (Resp.'s Br., Exh. B at 4, Docket # 14-2.) The Wisconsin Court of Appeals affirmed the circuit court's denial of the postconviction motion in August 2006. (Answer, *State v. Johnson*, No. 2004AP2903 (Wis. Ct. App. Aug. 15, 2006), Exh. C, Docket # 10-3.) The Wisconsin Supreme Court dismissed Johnson's petition for review on November 2, 2006 for failure to file a statement in support of the petition. (Answer, Exh. D, Docket # 10-4.) These appeals addressed Johnson's underlying conviction and were completed prior to his revocation from supervised release. (Resp.'s Br. at 4.)

Johnson was ultimately released from prison on mandatory release parole, but was revoked in 2012 for violation of his release conditions. (Resp.'s Br. at 4 and Exh. B at 5.) Johnson filed two state court petitions for writs of habeas corpus in Milwaukee County Case Nos. 2012CV3608 and 2012CV7924. (Resp.'s Br. at 4.) Both petitions were denied in November 2012, and the court of appeals dismissed the appeals on July 11, 2013 for failure to file a brief. (Answer, Exh. E. at 3, Docket # 10-5, Resp. Br., Exh. A.) Johnson did not file a petition for review with the Wisconsin Supreme Court. (Resp. Br. at 5, Answer, Exh. E.)

While Johnson's appeal of the denial of his state habeas corpus petitions was pending, he filed a motion in Milwaukee County Case No. 98CF980328 requesting modification of the conditions of his supervision in March 2013. (Resp. Br. at 5 and Exh. B at 5.) Johnson challenged the condition

that prohibited him from using a computer without prior agent approval. (Exh. to Habeas Petition at 12, Docket # 1-1.) Johnson argued that the rule was invalid because it had no relation to the crimes for which he was convicted and violated his First Amendment right to use a computer and the internet. (*Id.* at 13.) Johnson further argued that the rule prohibited him from doing research and preparing briefing related to his court of appeals cases and prevented him from communicating with family members stationed overseas. (*Id.*) The court denied the motion on May 13, 2013. (Resp. Br. at 5 and Exh. B at 6.) In denying Johnson's motion, the circuit court found that the Department of Correction's general rules of supervision were not subject to direct court review and needed to be appealed through administrative procedures. (Exh. to Habeas Petition at 13.) The circuit court further stated that while it was not obliged to address Johnson's First Amendment arguments, Johnson's case was distinguishable from the cases he raised because his case did not involve a court-imposed rule or a total ban on computer/internet use because Johnson could use a computer with prior agent approval. (*Id.* at 14.) Johnson did not appeal the circuit court's order. (Resp.'s Br. at 7 and Exh. B.)

Johnson sought administrative review of his challenges to his supervised release conditions. (Exh. to Habeas Petition at 2-7.) Johnson's requests were denied on December 11, 2013 and January 10, 2014. (*Id.* at 9-11.) Johnson did not seek judicial review of the administrative denial of his requests. (Resp. Br. at 8.) Johnson filed the instant petition for a writ of habeas corpus in this Court on July 24, 2014, alleging that the conditions of release limiting his computer access denied him access to the court and violated his rights under the First Amendment. The respondent argues that Johnson's federal habeas claims are barred by his procedural default. Johnson concedes that his claims are procedurally defaulted, but argues that the default is excused because the restrictions

placed upon him denied him access to the courts. The matter is fully briefed and is ready for resolution. For the reasons stated below, Johnson's petition is denied.

**ANALYSIS**

*1.    Legal Standard*

28 U.S.C. § 2254 requires a district court to make two inquiries before considering a petition for habeas corpus on its merits:

> [W]hether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992) (quoting *Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988)). The principles of comity underlying the exhaustion doctrine require the petitioner to give the state courts a "full and fair opportunity to resolve constitutional claims" before raising those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To comply with this requirement, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*; *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). For a Wisconsin prisoner, this means that he must assert each of his claims in a petition for review to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 485-86 (7th Cir. 2003).

Although Johnson challenged his conditions of release through two state habeas petitions, through a motion to modify conditions of release filed in the circuit court, and through the prison's administrative process, he did not complete any of the processes through one complete round of Wisconsin's appellate review process. Johnson does not deny this. Thus, for habeas review, this constitutes default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to

exhaust available state court remedies constitutes a procedural default."). Consequently, the only question before me is whether there is good cause to excuse Johnson's failure to seek judicial review of the administrative denial of his requests.

Johnson's procedural default will be excused if he is able to demonstrate cause for the default and actual prejudice as a result of the failure, or alternatively, if he can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). The cause prong of the cause and prejudice inquiry may be satisfied upon a showing that some external impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim, prevented the petitioner from avoiding procedural default. *Id.* at 488. Prejudice is established by showing that the violation of the petitioner's federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (internal quotation and citation omitted). The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991). Johnson does not attempt to establish the fundamental miscarriage of justice exception; thus, I will address only the cause and prejudice exception.

   *2.    Cause and Prejudice*

To show cause, Johnson asserts that the conditions of supervision limiting his computer access denied him access to the courts. Johnson argues that he was limited to using computers at the University of Wisconsin-Milwaukee ("UWM"), Milwaukee Area Technical College ("MATC"), and Job Center site of Wisconsin. Because he was not a student at either UWM or MATC, he was prohibited from using their computers. Further, the Job Center only allows computer access to

search for jobs. Thus, Johnson argues that he was prohibited from computer and internet access necessary for researching and preparing his briefs and motions. Johnson further argues that his conditions of release prohibited his use of public libraries, including law libraries.

Johnson is correct that prisoners have a constitutional right of access to the courts for pursuing post-conviction remedies and for challenging the conditions of their confinement. *See Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). Further, the unavailability of adequate legal resources may constitute cause to excuse a procedural default. *See, e.g.*, *Williams v. Buss*, 538 F.3d 683, 686 (7th Cir. 2008) ("This court examines claims of cause based on lack of access to a library on a case-by-case basis."); *Tyler v. McCaughtry*, 293 F. Supp. 2d 920, 924–25 (E.D. Wis. 2003) (finding that petitioner established cause for procedural default by providing affidavit stating that current version of Wisconsin statutes or information concerning required filing fees in certiorari action were unavailable in prison library). However, the right of access to the courts does not require the use of sophisticated tools such as a computer. *See Bounds*, 430 U.S. at 824 ("It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents . . . ."); *Sasnett v. Department of Corrections*, 891 F. Supp. 1305, 1313 (W.D. Wis. 1995), *vacated on other grounds by Sullivan v. Sasnett*, 521 U.S. 1114 (1997) (finding that the right of access to the courts does not require such sophisticated tools as computers and memory typewriters). Thus, even assuming Johnson is correct that his conditions of community supervision denied him complete access to a computer, this does not excuse his failure to seek judicial review of his administrative challenge to the conditions of release.[1]

---

[1] Although Johnson argues that he was effectively prevented from using all computers, as the trial court noted, Johnson's community supervision restriction did not encompass a total ban on computer and internet use. Rather, the rule stated that "You shall not purchase, possess, nor use a computer, software, nor modem without prior agent

Johnson also argues, however, that his conditions of community supervision prevented him from using public libraries, including law libraries, and that this prevented him from pursuing his appeals. The record reflects that Johnson did not become subject to the conditions of community supervision that he now challenges until March 5, 2013. (Exh. to Habeas Petition at 12.) However, Johnson argues that he was prevented from pursuing cases that were pending before the Wisconsin Court of Appeals because of the "rule[s] that had been placed upon [him]." (Petitioner's Br. at 3.) His two state habeas corpus petitions filed in Milwaukee County Circuit Court were dismissed in November 2012. (Resp.'s Br. at 4.) Johnson filed notices of appeal in December 2012, creating Wisconsin Court of Appeals Case Nos. 2012AP2678 and 2012AP2679. (*Id.*)

In both cases before the court of appeals, the record on appeal was filed on February 19, 2013. (Answer, Exh. E. at 2; Wisconsin Supreme Court and Court of Appeals Access Database, Appeal No. 2012AP2679, at http://wscca.wicourts.gov (last visited April 9, 2015)). Johnson had 40 days from this date to file his brief. *See* Wis. Stat. § 809.19(1). Although the deadline to file his brief expired after the conditions went into place, the conditions were not in place during the entirety of briefing of these court of appeals cases. Further, Johnson in fact requested an extension in both cases while the conditions of release were in place, and articulated the basis for his belief that the community supervision restrictions violated his rights under the First Amendment. (Exh. to Petitioner's Reply Br., Docket # 15-1.) Although Johnson argues that the community supervision restrictions prevented him from conducting legal research and properly filing his appellate brief (Docket # 15-1), given his ability in the motion for extension of time to articulate the legal basis for

---

approval." (Exh. to Habeas Petition at 10.)

his claim, I am not persuaded that the restrictions prevented him from filing any brief in the court of appeals.

Similarly, Johnson argues that his restrictions prevented him from appealing the circuit court's denial of his motion to modify his conditions of community supervision. Johnson filed his *pro se* motion to modify his conditions of community supervision the day after his conditions of release went into effect. (Exh. to Habeas Petition at 12.) Although Johnson's motion is not in the record, the Milwaukee County Circuit Court addressed cases cited by Johnson in support of his argument that the community supervision restrictions violated his First Amendment rights. (*Id.* at 14.) Once again, Johnson has failed to explain how his conditions of supervision prevented him from appealing the circuit court's decision denying his motion to modify his conditions of release. Even without access to the library during this time period, given the fact that Johnson already researched and filed a brief on the same issue with the circuit court, at the very least, Johnson could have filed a brief with the court of appeals reiterating the arguments made before the circuit court.

Finally, Johnson began the administrative process of challenging his conditions of supervised release while he was incarcerated. (Docket # 1-1 at 2.) Although Johnson did not further pursue this denial, it should be noted that Johnson was not under supervision at that time because he was incarcerated and was told that the conditions would be assessed further upon his release. (Docket 1-1 at 10.)

Because Johnson has failed to show has his conditions of supervised released prevented him from avoiding procedural default, I find that Johnson has failed to show cause for his procedural default. Thus, it is not necessary to determine whether he was prejudiced. *See Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (finding a petitioner must show both cause and prejudice).

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When, as here, the case is resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. Each component of the § 2253(c) showing is part of a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.*

Because a finding of cause based on lack of access to a library is a fact specific inquiry decided on a case-by-case basis, I find that jurists of reason would find it debatable whether Johnson's lack of access to a library prevented him from pursuing his appeals. Thus, Johnson will be granted a certificate of appealability.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Johnson will be granted a certificate of appealability.

**IT IS ALSO ORDERED** that this case is dismissed.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of April, 2015.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge