# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRIEST JOHNSON,**

    **Petitioner,**

    v.                                      **Case No. 14-CV-879**

**DENISE SYMDON,**

    **Respondent.**

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On July 24, 2014, Priest Johnson ("Johnson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 24, 2015 I denied Johnson's petition. (Docket # 16.) Presently before me is Johnson's motion for reconsideration, which I construe as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Taylor v. Wexford Health Services, Inc.*, 465 Fed. Appx. 561, 562 (7th Cir. 2012) (citing *Ho v. Taflove*, 648 F.3d 489, 495 nn. 4-5 (7th Cir. 2011) (finding the district court correctly deemed a motion for reconsideration to be a motion pursuant to Fed. R. Civ. P. 59(e) (rather than Fed. R. Civ. P. 60(b)) when filed less than 28 days after the entry of judgment).

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D.

Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

In his motion for reconsideration, Johnson does not present any newly discovered evidence. Therefore, the question is whether the decision and order contained a "manifest error of law or fact." Johnson argues that the Court either misunderstood or overlooked the issues presented. (Docket # 18 at 1-2.) Because Johnson conceded that he procedurally defaulted his claims, at issue before me was whether Johnson had shown that he satisfied one of the exceptions to procedural default. In denying his petition, I found that Johnson failed to show cause for his procedural default because he failed to show that his conditions of community supervision prevented him from avoiding procedural default. Specifically, I noted that while the conditions were in place, Johnson was able to request an extension of time from the court of appeals in his state habeas cases and articulate the legal basis for his belief that the community supervision restrictions violated his rights under the First Amendment. I further found that Johnson's conditions of supervision did not prevent him from appealing the circuit court's order denying his motion to modify conditions because even without access to the library during the relevant time period, given the fact that Johnson had already researched and filed a brief on the same issue with the circuit court, that he could have, at the very least, filed a brief with the court of appeals reiterating the arguments made before the circuit court.

Johnson argues that Wisconsin courts do not grant leniency in regards to procedural rules or substantive law issues for *pro se* litigants and that he could not "have filed the same brief in the Court of Appeals of Wisconsin" because "there are major [sic] different requirements that the petitioner was not aware of as his access to any and all legal materials were denied to him by the respondent and their agents." (Docket # 18 at 4.) Johnson has not specifically articulated, however, any procedural rules that he could not follow because of his conditions of community supervision. Rather, he argues that he was prevented from citing relevant legal authority to support his case because of the conditions in place.

Johnson is correct that although Wisconsin courts are more lenient with *pro se* pleadings, *pro se* litigants must still cite the record and authorities to support their claims. *See State v. Welsh*, 2009 WI App 95, ¶ 11 n.3, 320 Wis. 2d 484, 769 N.W.2d 878 (unpublished). However, as stated in my decision and order, in both his appeal of his state habeas petitions and in his motion to modify his conditions of community supervision, Johnson was able to cite relevant legal authority. In his motion to modify conditions of community supervision, Johnson cited case law that the circuit court addressed in detail. Thus, Johnson still has not shown how his conditions of community supervision prevented him from avoiding procedural default. In sum, Johnson has not shown that my decision denying his petition contained a manifest error of law or fact. Johnson's motion for reconsideration is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion for Reconsideration (Docket # 18) is **DENIED**.

Dated at Milwaukee, Wisconsin this 15th day of May, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge